IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|   |   |   |
|---|---|---|
| | * | |
| MELODIE V. SHULER, | | |
| | * | |
| PLAINTIFF, | | |
| | * | |
| v. | | CASE NO.: PWG-13-3373 |
| | * | |
| PRINCE GEORGE'S COUNTY, *et al.*, | | |
| | * | |
| DEFENDANTS. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

After being assaulted in 2010, Plaintiff Melodie V. Shuler called the Prince George's County Police Department for assistance.[1]  Compl. ¶ 12, ECF No. 3.  Instead of helping her, the responding officers took umbrage with the language she used and her "political and social activism in the community," harassed and assaulted her, and falsely prosecuted her.  *Id.* ¶¶ 13 & 17–18.  Plaintiff, an attorney who is proceeding *pro se*, filed a six-count[2] complaint, alleging violations of 42 U.S.C. § 1983.  Compl.  She named five defendants: Prince George's County Police Officers Brett Jackson and George E. Stamp, Jr., in their individual and official capacities, and Eric Washington, a physician at Southern Maryland Hospital (collectively, the "Individual Defendants"); Prince George's County (the "County"); and the District of Columbia (the "District").  *Id.* at 1.  The United States District Court for the Eastern District of Virginia transferred the lawsuit to this Court on Plaintiff's motion, *see* Mem. Order, ECF No. 28.  To

---

[1] For purposes of considering Defendants' motions to dismiss, I accept the facts that Plaintiff alleged in her Complaint as true.  *See Aziz v. Alcoac*, 658 F.3d 388, 390 (4th Cir. 2011).

[2] Plaintiff numbered the counts as I, II, III, V, VI, and VII, and I will refer to them as such. There is no Count IV.

date, Plaintiff has served the County and the District, but not the Individual Defendants.  *See* ECF Nos. 5, 9, 22, 48 & 49.

I must determine whether to dismiss Plaintiff's Complaint as to some or all of the Defendants at this juncture.[3]  Because Plaintiff has failed to state a claim against the District, I will dismiss her claims against the District.  Likewise, because Plaintiff has failed to state a claim against the County in Counts I, II, and VII, I will dismiss those claims against the County.  But, I will require the parties to brief the matter further as to Plaintiff's other claims against the County.  Additionally, because the summonses were issued as to the Individual Defendants on March 19, 2013, ECF No. 4, and Plaintiff has not effected service on any of them, I will order Plaintiff to show cause why I should not dismiss the claims against the Individual Defendants for failure to prosecute.

## I.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted."  *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012).  This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'"  *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).  To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009),

---

[3] The County and the District have filed Motions to Dismiss for Failure to State a Claim, ECF Nos. 38 & 43, as well as Memoranda in Support, ECF Nos. 38-1 & 43-1.  Plaintiff has not filed a response, and the time for doing so has passed.  *See* Loc. R. 105.2(a).  A hearing is not necessary.  *See* Loc. R. 105.6.  For the reasons stated in this Memorandum Opinion, the District's Motion to Dismiss IS GRANTED, and the County's Motion to Dismiss IS GRANTED IN PART AND DENIED IN PART.

when considering a motion to dismiss pursuant to Rule 12(b)(6).  Specifically, a complaint must

contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"

Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice,"

*Iqbal*, 556 U.S. at 678–79.  *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from

*Iqbal* and *Twombly*).  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 663.

I must construe liberally the pleadings of *pro se* litigants such as Ms. Shuler. *See

Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nonetheless, liberal construction does not mean that

I must ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a

federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).  Indeed,

"[w]here the face of a complaint plainly fails to state a claim for relief, a district court has 'no

discretion' but to dismiss it."  *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 n.10 (4th Cir. 2006)

(quoting Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1357 (2d ed. 1990)).

## II.     DISCUSSION

The District filed its motion to dismiss on December 9, 2013 and mailed a copy of its

motion and supporting memorandum to Plaintiff at 2447 Drake Street, Richmond, VA 23234, the

address on record with the Clerk's Office. Cert. of Serv., ECF No. 38-1.  I held a conference call

the same day, and Plaintiff provided the Court with her updated contact mailing address, as

follows: Melodie V. Shuler, 6302 Jefferson Davis Highway, Richmond, VA 23234.  During the

call and by Letter Order on December 10, 2013, ECF No. 39, I informed Plaintiff that, pursuant

to Loc. R. 102.1(b)(iii), she is responsible for notifying the Clerk's office of her current address

and contact information.  To date, Plaintiff has not provided updated contact information to the Clerk's Office.

The District filed a second Certificate of Service following the conference call, indicating that it had sent its motion and supporting memorandum to Plaintiff a second time, this time at "6203 Jefferson Davis Hwy., Richmond, VA 23234."[4]  ECF No. 41.  The County served its motion on Plaintiff via email.  Cert. of Serv., ECF No. 43.  The Clerk's Office mailed "Rule 12/56 letters" to Plaintiff to inform her of the filings and their possible effects on her case. ECF Nos. 40 & 46.  It is clear from the docket that the Clerk's Office mailed the Rule 12/56 letter with regard to the District's motion to Plaintiff's Jefferson Davis Highway address, even though Plaintiff had not provided her current contact information to the Clerk's Office.  *See* ECF No. 40. However, the United States Postal Service returned as undeliverable the December 10, 2013 Letter Order and the Rule 12/56 letter with regard to the District's motion.  ECF No. 47. Nonetheless, given Plaintiff's obligation as an attorney and as a *pro se* litigation to know and follow this Court's rules and the Federal Rules of Civil Procedure, *see* Loc. R. 101(a); her obligation as a *pro se* litigant to keep the Clerk's Office informed of her current address, *see* Loc. R. 102.1(b)(iii); and the admonition I gave her during the December 9, 2013 conference call with regard to updating her address, I am satisfied that Defense counsel and the Court provided sufficient notice to Plaintiff of the pending motions.

Plaintiff names the District as a defendant in Counts I, "Violation of Civil Rights pursuant to 42 U.S.C. §1983 (First Amendment Free Speech and Right to Association and the 14th Amendment Right to Liberty and/or Freedom of Movement," and V, "Violation of Civil

---

[4] It is unclear whether the District transposed the numbers in Ms. Shuler's street address in its mailing to her, or only in the Certificate of Service.

4

Rights pursuant to 42 U.S.C. §1983 (Prince George's County Police Department and the District of Columbia are Liable for Constitutional Violations alleged by the Plaintiff based upon its Policies, Customs, and Practices)." Compl. 5 & 10; *see* Dist. Mem. 3. In the District's view, the Complaint, and these counts specifically, "consist[] almost entirely of conclusory allegations against the District (or make[] factual allegations that do not concern the District)," such that Plaintiff fails to state a claim against the District. Dist. Mem. 4–7.

Plaintiff names the County as a defendant in Counts I and V also, as well as Counts II, "Violation of Civil Rights pursuant to 42 U.S.C. § 1983 (First Amendment violation – Right to Access to Court), VI, "Violation of Civil Rights pursuant to 42 U.S.C. §1983 (Fourteenth Amendment – Right to Medical Attention)," and VII, "Violation of Civil Rights pursuant to 42 U.S.C. §1983 (Fourteenth Amendment Deprivation of Property – Negligence." Compl. 5, 7, 10, 14 & 16. The County moves to dismiss Counts I, II, VI and VII, arguing that the County does not have respondeat superior liability.[5] Cnty. Mem. 3.

I may dismiss Plaintiff's claims against the County and the District without reaching the merits of these claims. *See Knott v. Wedgwood*, No. DKC-13-2486, 2014 WL 1573548, at *3 (D. Md. 2014) ("Because Plaintiff failed to file any opposition to the motion, the undersigned has the discretion to dismiss the case without reaching the merits."); *White v. Wal Mart Stores, Inc.*, No. ELH-13-31, 2014 WL 1369609, at *2 (D. Md. Apr. 4, 2014) (dismissing *pro se* plaintiff's complaint when plaintiff did not oppose defendant's motion to dismiss). Also, "'[w]hen a plaintiff fails to oppose a motion to dismiss, a district court is "entitled, as authorized, to rule on

---

[5] In its motion, the County incorrectly numbers Count II as Count III. The Count is numbered correctly in the memorandum, and it is clear that Count III, "Violation of Civil Rights pursuant to 42 U.S.C. §1983 (Excessive Force in Violation of the 14th Amendment," is not directed at the County. The County also incorrectly numbers Counts VI and VII as Counts VII and VIII.

the . . . motion and dismiss [the] suit on the uncontroverted bases asserted"' in the motion."

*Knott*, 2014 WL 1573548, at *3 (quoting *White*, 2014 WL 1369609, at *2 (quoting *Pueschel v.*

*United States*, 369 F.3d 345, 354 (4th Cir. 2004))).   Further, a failure to oppose a motion to

dismiss is viewed as an abandonment of the claims at issue in the motion, *id.* (quoting

*Ferdinand–Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010), and a

concession that the "'complaint is deficient for the reasons stated by defendant,'" *id.* (quoting

*White*, 2014 WL 1369609, at *2).   And, as Chief Judge Chasanow noted, "a district court has

'the inherent authority . . to dismiss a lawsuit sua sponte for failure to prosecute.'"  *Id.* (quoting

*United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007)).   Thus, having reviewed

Plaintiff's Complaint and Defendants' memoranda and considered Plaintiff's failure to respond, I

will grant the District's motion and I will grant the County's motion in part: I will dismiss with

prejudice Plaintiff's claims against the District in Counts I and V and Plaintiff's claims against

the County in Counts I, II, and VII "on the uncontroverted bases asserted in the motion[s]."

*Knott*, 2014 WL 1573548, at *3 (citations and quotation marks omitted); *see Pueschel*, 369 F.3d

at 354; *White*, 2014 WL 1369609, at *2.

However, a cursory reading of the filings suggests that Plaintiff has stated a claim against

the County in Count VI, "Violation of Civil Rights pursuant to 42 U.S.C. §1983 (Fourteenth

Amendment – Right to Medical Attention)."   And, although the County appears to request that

the Court dismiss all claims against it, the County's motion and memorandum do not address

whether Plaintiff stated a claim in Count V, "Violation of Civil Rights pursuant to 42 U.S.C.

§1983 (Prince George's County Police Department and the District of Columbia are Liable for

Constitutional Violations alleged by the Plaintiff based upon its Policies, Customs, and

Practices)."   Therefore, Plaintiff is ordered to respond to the County's motion with regard to

Count VI by June 10, 2014 and to address whether she has stated a claim against the County in Count V.  The County may file a reply on or before June 24, 2014.  If Plaintiff does not respond to this Order, I will dismiss the remaining claims against the County for failure to prosecute.  *See Knott*, 2014 WL 1573548, at *3.

Additionally, Plaintiff has failed to serve the summons and complaint upon any of the Individual Defendants within 120 days after filing her Complaint. Plaintiff is ordered to show good cause by June 10, 2014 why I should not dismiss the Complaint as to the Individual Defendants, without prejudice, pursuant to Fed. R. Civ. P. 4(m) and Local Rule 103.8(a).

### III.    CONCLUSION

In sum, the District's Motion to Dismiss IS GRANTED, and the County's Motion to Dismiss is GRANTED IN PART AND DENIED IN PART.   Plaintiff's claims against the District in Counts I and V, as well as Plaintiff's claims against the County in Counts I, II, and VII ARE DISMISSED WITH PREJUDICE.  Plaintiff IS ORDERED to respond to the County's motion with regard to Count VI by June 10, 2014 and to address whether she has stated a claim against the County in Count V.  The County may file a reply on or before June 24, 2014.  If Plaintiff does not respond to this Order, I will dismiss the remaining claims against the County for failure to prosecute.  Additionally, Plaintiff IS ORDERED to show good cause by June 10, 2014 why I should not dismiss the Complaint as to the Individual Defendants, without prejudice, pursuant to Fed. R. Civ. P. 4(m) and Local Rule 103.8(a).

A separate order follows.

Date: May 27, 2014                                                    /S/
                                                    Paul W. Grimm
                                                    United States District Judge

lyb