IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| MELODIE V. SHULER, | * | |
| PLAINTIFF, | * | |
| v. | * | CASE NO.: PWG-13-3373 |
| PRINCE GEORGE'S COUNTY, *et al.*, | * | |
| DEFENDANTS. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Melodie V. Shuler filed suit against Prince George's County (the "County"), the District of Columbia (the "District"), and three individuals, alleging multiple violations of 42 U.S.C. § 1983, Compl., ECF No. 3, in response to which the County and the District moved to dismiss, ECF Nos. 38 & 43. Plaintiff did not respond and, mindful that she is proceeding *pro se*, but also that she is an attorney, I issued an Order on May 27, 2014, dismissing her Complaint in part, ordering her to address the viability of her remaining claims against the County or face dismissal for failure to prosecute, and ordering her to show cause why I should not dismiss the claims against the Individual Defendants[1] without prejudice, for failure to prosecute. ECF No. 51. Specifically, I dismissed Plaintiff's claims against the District and Counts I, II, and VII[2] against the County for failure to state a claim, and I ordered her to respond to the County's

---

[1] The "Individual Defendants" are Prince George's County Police Officers Brett Jackson and George E. Stamp, Jr., in their individual and official capacities, and Eric Washington, a physician at Southern Maryland Hospital.

[2] Plaintiff numbered the counts as I, II, III, V, VI, and VII, and I will refer to them as such. There is no Count IV.

motion with regard to Count VI and to address whether she has stated a claim against the County in Count V.

Plaintiff's response was due by June 10, 2014, but Plaintiff has not filed a response. Rather, on July 8, 2014, Plaintiff filed a Motion for Extension of Time to Respond to Court Order, to Reopen the Case and Request for Service Upon the Un-served Defendants, ECF No. 52.[3]  For the reasons stated below, Plaintiff's Motion is denied and her remaining claims are dismissed.

I.  **MOTION FOR EXTENSION OF TIME**

Rule 6 provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). A showing of excusable neglect "is not eas[]y . . . , nor was it intended to be." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996). The Fourth Circuit has emphasized that "'a district court should find excusable neglect only in the *extraordinary cases* where injustice would otherwise result.'" *Symbionics Inc. v. Ortlieb*, 432 F. App'x 216, 220 (4th Cir. 2011) (quoting *Thompson*, 76 F.3d at 534 (citation omitted)) (emphasis in *Thompson*) (considering excusable neglect in context of Fed. R. App. P. 4(b)).

> Whether neglect is "excusable" has been described by the Supreme Court as "at bottom an equitable [inquiry], taking account of all relevant circumstances," including the following: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

---

[3] Defendants have opposed her motion. ECF Nos. 53 & 54. Plaintiff has not filed a reply, and the time for doing so has passed. *See* Loc. R. 105.2(a). A hearing is not necessary. *See* Loc. R. 105.6.

> [T]he third *Pioneer* factor—the reason for the delay—is the "most important." *Thompson*, 76 F.3d at 534.

*Fernandes v. Craine*, ---- Fed. App'x ----, 2013 WL 4427809, at *1–2 (4th Cir. Aug. 20, 2013).

Plaintiff argues that she could not respond timely "due to unforeseen circumstances of medical illness which has required her taking medication that has interfered with Ms. Shuler's ability to manage this case," and also because "she has had an inability to receive mail," such that she did not "discover[] the Court's [May 27, 2014] Order" until she "retrieve[d] mail from her former address during the first week of July."  Pl.'s Mot. 1–2.  According to Plaintiff, she was "illegal[ly] evicted from her place of residence in December of 2013 and then due to a fire at her new place of residence in April of 2014 it has been difficult to manage her affairs and receive mail." *Id*. at 1–2.  She insists that "good cause exists to grant this limited extension." *Id*. at 2.

It is true that *pro se* litigants, such as Ms. Shuler, "are entitled to some deference from courts." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989).  However, that deference generally relates to construing a *pro se* plaintiff's complaint.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that courts hold *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers"); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (stating that, in cases involving civil rights plaintiffs, "'the district court must examine the pro se complaint to see whether the facts alleged, or the set of facts which the plaintiff might be able to prove, could very well provide a basis for recovery'" and that the court "'will not permit technical pleading requirements to defeat the vindication of any constitutional rights which the plaintiff alleges'") (citation omitted).  And, Ms. Shuler's status as an attorney minimizes the deference she should receive.  Additionally, *pro se* litigants and other litigants alike "are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Ballard*, 882 F.2d at 96; *see Birl v. Estelle,* 660 F.2d 592,

3

593 (5th Cir. 1981) (dismissing untimely appeal because "the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law"). Thus, a *pro se* litigant

> proceeds . . . with full knowledge and understanding of the risks involved acquires no greater rights than a litigant represented by a lawyer, , unless a liberal construction of properly filed pleadings be considered an enhanced right. *See*. Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure.

*Birl*, 660 F.2d at 593 (internal citations to *United States v. Pinkey*, 548 F.2d 305, 311 (10th Cir. 1977); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Larkin v. United Ass'n of Plumbers & Pipefitters*, 338 F.2d 335, 336 (1st Cir. 1964), omitted).

Notably, Plaintiff does not contend that she could not have retrieved her mail sooner or contacted the Court to provide an address at which she could receive mail, in accordance with this Court's Local Rules, or made any other effort to check the status of her case. Yet, it was Plaintiff's responsibility to have a procedure in place for effective communications with this Court during the pendency of her case. *See* Loc. R. 102.1(b)(iii) ("Self-represented litigants must file with the Clerk in every case which they have pending a statement of their current address where case-related papers may be served. This obligation is continuing, and if any self-represented litigant fails to comply, the Court may enter an order dismissing any affirmative claims for relief filed by that party . . . ."); *see also Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his [or her] lawsuit.") (quoted in *Robinson*, 599 F.3d at 413); *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993) ("A party has a duty of diligence to inquire about the status of a case.") (quoted in *Robinson*, 599 F.3d at 413). Indeed, during the December 9, 2013 conference call with the parties and "by Letter Order on December 10, 2013, ECF No. 39, I informed Plaintiff that,

pursuant to Loc. R. 102.1(b)(iii), she is responsible for notifying the Clerk's office of her current address and contact information." May 27, 2014 Order 3–4. Consequently, Plaintiff has not shown excusable neglect, and her Motion for Extension of Time shall be denied. *See* Fed. R. Civ. P. 6(b)(1)(B); *Fernandes*, 2013 WL 4427809, at *1–2.

As noted, I ordered Plaintiff to respond to the County's motion with regard to Count VI and to address whether she has stated a claim against the County in Count V by June 10, 2014, and I cautioned Plaintiff that failure to respond to my order would result in the dismissal of the remaining claims against the County for failure to prosecute. *See Knott v. Wedgwood*, No. DKC-13-2486, 2014 WL 1573548, at *3 (D. Md. 2014) (stating that "a district court has 'the inherent authority . . to dismiss a lawsuit sua sponte for failure to prosecute'" (quoting *United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007)). Because Plaintiff failed to respond or to demonstrate excusable neglect as grounds for the Court to grant an extension of time to respond, I will dismiss this case as to the County for failure to prosecute. *See id.*

## II.     REQUEST FOR SERVICE

Plaintiff contends that, because she is proceeding *pro se*, "the Clerk's office was required to serve the defendants but [has] not served all of the defendants," and "never contacted Ms. Shuler to indicate they needed assistance with service of process or [to] request that Ms. Shuler do anything in regards to service of the defendants." Pl.'s Mot. 3. On that basis, she argues that "the case should not be dismissed as to the defendants who have not been served." *Id.* It is true that the Court must order "that service be made by a United States marshal or deputy marshal or by a person specifically appointed by the court . . . if the plaintiff is authorized to proceed in forma pauperis," as Plaintiff is. *See* Fed. R. Civ. P. 4(c)(3); Loc. R. 103.2(b); ECF No. 2 (granting motion to proceed in forma pauperis). But, a plaintiff proceeding in forma pauperis

"still has a responsibility to provide the Marshals with accurate information" and should "'attempt to remedy any service defects of which a plaintiff has knowledge.'" *Alula v. Kamhere*, No. PJM-11-288, 2012 WL 1432434, at *2 (D. Md. Apr. 24, 2012) (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)). Indeed, "[u]ndue delay is not excused where an *in forma pauperis* plaintiff is at fault for the failure to effect proper service." *Id.*

Here, the docket reflects that the summons for Defendant Eric Washington was returned unexecuted with the notation that "Eric Washington doesn't work at the hospital [address that Plaintiff supplied]. Bad address." ECF No. 6. Also, the summons for Defendants Officers Stamp and Jackson were returned unexecuted on February 10, 2014 after attempted service by U.S. mail. ECF Nos. 48 & 49. There is no indication that Plaintiff provided another address for any of the Individual Defendants or requested service by another means.

Moreover, I ordered Plaintiff to show cause by June 6, 2014 why I should not dismiss her claims against the Individual Defendants for failure to prosecute, and she did not respond until July 8, 2014. As noted, she has not demonstrated excusable neglect for her delay in responding to the Court Order, such that there is no basis for considering her untimely response. Therefore, the claims against the Individual Defendants are dismissed for failure to prosecute.

### III. MOTION TO REOPEN THE CASE

It is unclear whether Plaintiff's Motion to Reopen the Case, filed when the Court has not closed her case yet, is a motion for reconsideration, a Rule 59(e) motion to amend, or a Rule 60(b) motion for relief. "A motion for reconsideration is appropriate to 'correct manifest errors of law or fact or to present newly discovered evidence,' or where there has been an intervening change in controlling law." *Potter v. Potter*, 199 F.R.D. 550, 552 n.1 (D. Md. 2001); *see also Pinney v. Nokia, Inc.*, 402 F.3d 430, 452-53 (4th Cir. 2005) (stating in dicta that these "rules of

constraint . . . make sense when a district court is asked to reconsider its own order" because "'[w]ere it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court—not to mention its patience'") (quoting *Potter*, 199 F.R.D. at 553); *Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Co. 1988) (observing that a motion for reconsideration "is not a license for a losing party's attorney to get a 'second bite at the apple'"). Similarly, a Rule 59(e) motion "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010); *see Beyond Sys., Inc. v. Kraft Foods, Inc.*, No. PJM-08-409, 2010 WL 3059344, at *2 n.1 (D. Md. Aug. 4, 2010) (noting that the three-part test identified in *Potter*, 199 F.R.D. at 552 n.1, "is analogous to three grounds that the Fourth Circuit recognized for [a district court to amend] an earlier judgment under Rule 59(e)"). Rule 59(e) provide a district court with discretion to grant a motion to amend a judgment "only in very narrow circumstances." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002).

Plaintiff argues that she was not properly served with the District's Motion to Dismiss. Pl.'s Mot. 3. Yet, I previously concluded in my May 27, 2014 Order that "Defense counsel and the Court provided sufficient notice to Plaintiff of the pending motions," May 27, 2014 Order 4, and Plaintiff has not set forth any grounds for reconsidering that conclusion. She also states that she "did not understand the [County's] Motion to request for a Dismissal of her First Amendment Claim and did not believe that there was a legally sound basis to the request for her Fourth Amendment Claim based on being assaulted while she was arrested . . . ." Pl.'s Mot. 3.

This is not a reason for reconsideration or amendment. *See Robinson*, 599 F.3d at 411; *Beyond Sys., Inc.*, 2010 WL 3059344, at *2 n.1; *Potter*, 199 F.R.D. at 552 n.1. Thus, none of the grounds for reconsideration or amendment are present in this case.

> Rule 60(b) provides overlapping, but broader, bases for relief:
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Plaintiff's grounds for relief from the May 27, 2014 Order in this case appears to be "excusable neglect," *see* Fed. R. Civ. P. 60(b)(1); she certainly has not asserted any of the other grounds in Rule 60(b). In this regard, Plaintiff claims that she did not receive the Court's order because she could not receive mail. Yet, as discussed above, Plaintiff's neglect of her case was not excusable. Therefore, the Court has no reason to grant her relief pursuant to Rule 60(b). Plaintiff's Motion to Reopen Case shall be denied.

## IV.     CONCLUSION

Plaintiff's Motion for Extension of Time to Respond to Court Order, to Reopen the Case and Request for Service Upon the Un-served Defendants, ECF No. 52, IS DENIED.  Plaintiff's Complaint IS DISMISSED, and the Clerk is directed to CLOSE THIS CASE.

So ordered.

Date: October 7, 2014                                                                    /S/
                                                                                    Paul W. Grimm
                                                                                    United States District Judge

lyb